UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-21870-CIV-HUCK/BANDSTRA

RENZO JIMENEZ,

    Plaintiff,
v.

ROSA BROS, INC., and JAMIE ROSA,
individually,

    Defendants.
_____/

### ORDER

    THIS MATTER is before the Court upon Defendants Rosa Bros, Inc. and Jamie Rosa's Motion to Dismiss, or in the Alternative Motion for a More Definite Statement [D.E. #12], filed June 15, 2011.  In the Complaint [D.E. #1], Plaintiff Renzo Jimenez seeks recovery of unpaid overtime wages and related damages under the Fair Labor Standards Act ("FLSA").  The Complaint did not specify Plaintiff's pay rate or the approximate number of unpaid hours that he worked.  On June 20, 2010, Plaintiff filed an Answer to the Court's Interrogatories [D.E. #17-1], in which Plaintiff provided his pay rate and the approximate number of unpaid hours he worked as an employee of the Defendants.  Defendants assert that the Complaint fails to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), because it fails to allege Plaintiff's pay rate or amount of overtime.

    To survive a motion to dismiss, a complaint must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The "requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 Fed. App'x 761, 763 (11th Cir. 2008).  "There is no need to prove intent or causation that might require more extensive pleading." *Id*.  A plaintiff is not required to plead detailed allegations as to pay rate or unpaid hours worked to state a claim for unpaid overtime wages under the FLSA; it is sufficient to allege coverage under the statute, describe the violation, and provide a time frame in which the violations occurred. *Id*.  Moreover, Plaintiff has provided these figures in his Answer to the Court's Interrogatories.

Therefore, the Court finds that Plaintiff states a claim pursuant to the FLSA.  Accordingly, it is

ORDERED that Defendants' Motion is DENIED in whole.

DONE in Chambers, Miami, Florida, on July 19, 2011.

Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of Record